**Thurman H. RUSSELL**

v.

**Louis W. SULLIVAN, Secretary, Department of Health & Human Services.**

**No. 90 C 3771.**

United States District Court, N.D. Illinois, E.D.

May 8, 1991.

Joann F. Villasenor, Maureen M. Stratton, Legal Assistance Foundation of Chicago, West Side Office, Chicago, Ill., for plaintiff.

Fred Foreman, U.S. Atty., by Eileen M. Marutzky, Asst. U.S. Atty., Donna Morros Weinstein, Chief Counsel, Region V, Dept. of Health and Human Services by Donna L. Calvert, Asst. Regional Counsel, Chicago, Ill., for defendant.

ORDER

BUA, District Judge.

Plaintiff Thurman Russell began receiving federal disability benefits in 1984. Three years later, the Social Security Administration determined that Russell's medical condition had improved to such an extent that he was no longer entitled to benefits. The Social Security Administration notified Russell that his benefits would cease in September 1987. Russell then requested an administrative hearing, which was conducted on September 1, 1988 by Administrative Law Judge Arlander Keys ("ALJ Keys"). Following the hearing, ALJ Keys concluded that Russell was no longer medically disabled. Russell appealed that decision. The Appeals Council vacated the decision and remanded the case for further proceedings.

On May 22, 1989, Administrative Law Judge Sheridan Hunt ("ALJ Hunt") notified Russell that he would be conducting a hearing on remand. Despite this notification, ALJ Hunt subsequently issued his decision without conducting a hearing. Based solely on the existing record, he concluded that Russell was not entitled to continued disability benefits. The Appeals Council denied Russell's request for a review. Russell now seeks judicial review of ALJ Hunt's findings. Pursuant to Fed.R. Civ.P. 56, Russell and the government have filed cross-motions for summary judgment.

Russell has a history of epilepsy and alcoholism. These ailments, however, did not provide the primary basis for Russell's disability benefits. Russell was awarded disability benefits in 1984 because a severe fracture in his left leg prevented him from

engaging in gainful employment. ALJ Hunt concluded that this injury had sufficiently healed and was no longer an impediment to obtaining employment. He further concluded that neither Russell's epileptic condition nor his alcoholism were severe enough to support a finding of disability.

Russell does not object to ALJ Hunt's findings on the ground that his left leg is still a viable disability. Instead, Russell argues that ALJ Hunt did not give adequate consideration to his psychological condition which, in Russell's view, is a disability. In support of his argument, Russell has submitted new evidence that sharply contradicts ALJ Hunt's conclusion with respect to his epileptic condition and alcoholism. Specifically, Russell tenders the results of a psychological examination conducted by Dr. Eric Ostrov and Dr. Nikki Puntini on September 11, 1990. They performed a thorough psychological evaluation of Russell, and found that Russell suffers from a "Personality Disorder with Dependent, Antisocial and Passive–Aggressive Features." Russell's psychological abnormalities, combined with his alcohol abuse, led both doctors to conclude that Russell cannot "meet the minimum standards of a normal, competitive work setting on a sustained basis." In Dr. Ostrov's opinion, Russell's chronic psychological problems seriously affect his ability to function in the work place and satisfy the Listing of Impairments (20 C.F.R. Part 404, Subpart P, Appendix 1) in four different categories: listing 12.02 (Organic Mental Disorders); listing 12.04 (Affective Disorders); listing 12.08 (Personality Disorders); and listing 12.09 (Substance Addiction Disorders). Dr. Ostrov also concluded that Russell's disabilities equal listing 12.05 (Mental Retardation and Autism).

The new evidence submitted by Russell tends to support his disability claim and, for this reason, it is quite material. Since the record lacks adequate clinical data regarding Russell's mental health and the effect that long-term alcohol abuse may have on his mental capacity to work, this new evidence warrants serious consideration. The court finds that Russell has shown good cause for his failure to incorporate such evidence into the record. Aside from the fact that he was unrepresented by counsel below, Russell was inexplicably deprived of a hearing by ALJ Hunt. In fact, the ALJ led Russell to believe that he would be conducting a hearing. Without any notice to Russell, ALJ Hunt delivered his decision, thereby denying Russell the opportunity to supplement the record with relevant evidence.

In short, the record needs further development in light of the new evidence submitted by Russell. The court, therefore, elects not to enter summary judgment for either party at this time. This case is remanded to the ALJ for a reconsideration of Russell's claim.